

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS

## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Honorable Oscar C. Flowers
County Attorney
Ochiltree County
Perryton, Texas

Dear Sir:

Opinion No. O-2984
Re: Whether under given facts
tax collector should require
payment of personal property
taxes along with taxes due on
real estate.

In your letter of January 29, 1941 you outlined substantially the following facts:

The owner of a piece of real property owned personal property assessed on the tax rolls at $400.00. He sold the land to a purchaser who thereafter tendered to the tax collector the amount of the taxes assessed against the land but the tax collector requested such vendee to pay the tax which had been assessed against the personal property of his vendor as a condition to the acceptance of the taxes which had been assessed against the land. You request our opinion, in substance, as to whether the tax collector may thus require the purchaser of the real property to pay the taxes due on personal property owned by his vendor and which had not been purchased by the vendee of the real property.

In your letter of request you advise us that you have told the tax collector that the purchaser is liable only for the taxes due on the real estate purchased and that he is not liable for the taxes on the personal property which have been assessed to the vendor. We believe that you are correct in the advice so given.

It is now definitely established that the lien provided in Article VIII, Section 15 of our Constitution and Article 7172, Revised Civil Statutes, attaches only to each separate tract or parcel of land for taxes assessed against it. Richey vs. Moor 249 S.W. 172 (Sup. Ct.); Davis vs. West, 6 S.W. (2d) 870; State Mortgage Corporation vs. Ludwig, 35 S.W. (2d) 267 (Reversed on Other Grounds) 48 S.W. (2d) 950. From the opinion

NO COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT

Honorable Oscar C. Flowers, page 2

of the Texarkana Court of Civil Appeals in the case of State vs. Hunt, 207 S.W. 636, we quote as follows:

> "But we agree with the trial court that the state did not have a lien on the land to secure the payment of either the poll taxes assessed against the Williamses or the taxes assessed against them on account of their ownership of personal property. The general rule is that taxes are never a lien on property unless expressly made so. 2 Cooley, Tax'n, p. 865. The lien created by section 15 of article 8 of the Constitution upon 'landed property' is only for taxes assessed against such property; and so of the lien upon real property provided for by Article 7528, Vernon's Statutes."

It is our opinion that the purchaser of said real property is entitled to pay the tax which had been assessed against that property alone without being required to pay the tax which had been levied against the personal property of the vendor.

Yours very truly

ATTORNEY GENERAL OF TEXAS

By *Glenn R. Lewis*

Glenn R. Lewis
Assistant

GRL:js

APPROVED FEB 5, 1941

*Gerald C. Mann*

ATTORNEY GENERAL OF TEXAS



APPROVED
OPINION
COMMITTEE
BY BWB
CHAIRMAN